*E-FILED - 12/9/08*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIMAL NAND REDDY, | No. C 06–3883 RMW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| JAMES YATES, Warden, | |
| Respondent. | |

**INTRODUCTION**

Petitioner Vimal Reddy, a California state prisoner who is proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges the constitutional validity of his convictions for domestic violence.[1] In response to an order to show cause, respondent has filed an answer and petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief based on the claims presented and will deny the petition.

---

1. This action was first filed in, and later transferred from, the Eastern District of California.

Order Denying Petition for Writ of Habeas Corpus
G:\Pro–Se\SJ.RMW\HC.06\Reddy883.hcruling.md

## BACKGROUND

Petitioner was convicted of attacking and raping his girlfriend Brooke during two incidents, one in 2001, and the second in 2002. Petitioner videotaped the 2002 incident. A San Mateo Superior Court jury convicted petitioner of twenty-six charges arising from this conduct. The trial court sentenced petitioner to fifty-six years in state prison.

Petitioner appealed. The California Court of Appeal for the First Appellate District, in an unpublished opinion, affirmed the judgment. Ans., Ex. 5 (People v. Reddy, No. H021538, 2004 WL 3008743 (Cal. Ct. App. Dec. 28, 2004) at 1–2. The California Supreme Court denied his petition for review. Id., Ex. 7. According to petitioner, he received no reply to his state trial court habeas petition. The California Court of Appeal denied his habeas petition. Pet. at 3–4. Petitioner filed this federal habeas action in 2006.

As grounds for federal habeas relief, petitioner claims that (1) he was denied due process when the trial court admitted evidence of prior domestic violence; (2) instructing the jury with CALJIC No. 2.50.02 permitted the jury to find petitioner guilty on a lesser standard than beyond a reasonable doubt; (3) the trial judge denied petitioner's right to confront the alleged victim about the videotape evidence; and (4) the trial judge violated petitioner's Fourteenth Amendment right to a jury when it imposed full consecutive terms.

## STANDARD OF REVIEW

A federal habeas court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court may not grant a petition with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. § 2254(d)(1). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(e)(1).

The state court decision to which 2254(d) applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. See Nunnemaker at 801-06; Shackleford v. Hubbard, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000). If constitutional error is found, habeas relief is warranted only if the error had a "substantial and injurious effect or influence in determining the jury's verdict." Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

**DISCUSSION**

**1. Admission of Prior Act Evidence**

Petitioner contends that the trial court violated his right to due process by admitting evidence that he attacked Brooke at least three times before he committed the offenses charged in the state information. Pet. at 5. The state appellate court disposed of petitioner's claim on state law grounds. Ans., Ex. 5 at 6–7.

Petitioner's claim is without merit. The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of a fundamentally fair trial guaranteed by due process. See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). As to whether a constitutional guarantee has been violated, the United States Supreme Court has left open the question of whether admission of propensity evidence violates due process. Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991). Based on the Supreme Court's reservation of this issue as an "open question," the Ninth Circuit has held that a petitioner's due process right concerning the admission of propensity evidence — such as petitioner's prior attacks on Brooke — is not clearly established as required by AEDPA. Alberni v. McDaniel, 458 F.3d 860, 866-67 (9th Cir. 2006). As to the question of the magnitude of the error, only if

there are no permissible inferences that the jury may draw from the evidence can its admission violate due process such that petitioner was denied a fundamentally fair trial. See Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991). Because it was permissible for the jury to infer that petitioner had the disposition to commit acts of domestic violence because petitioner previously had attacked Brooke, petitioner has not shown that the admission of the evidence resulted in a fundamentally unfair trial. Based on this reasoning, petitioner's claim is denied.

### 2. CALJIC No. 2.50.02

Petitioner contends that the trial court, by giving the jury the trial court's revised version of CALJIC 2.50.02, allowed the jurors to find guilt based on a preponderance of the evidence, rather than on proof beyond a reasonable doubt. Pet. at 5. Specifically, the instruction allowed the jury to find that petitioner had committed a prior act of domestic violence under a preponderance standard. Petitioner contends that as a result, the instruction may have led the jury to (1) believe that if they found that petitioner had committed the prior act, then necessarily they had to find that he was guilty of the charged offense, or (2) misapply the preponderance standard to the charged offense. The state appellate court denied this claim on state law grounds. Ans., Ex. 5 at 7–8.

CALJIC No. 2.50.02, as read to petitioner's jury, reads in relevant part:

> Evidence has been introduced for the purpose of showing that [petitioner] engaged in an offense involving domestic violence other than that charged in the case.
> . . . .
>
> If you find that [petitioner] committed a prior offense involving domestic violence, you may, but are not required to, infer that [petitioner] had a disposition to commit another offense involving domestic violence. If you find that [petitioner] had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime of which he is accused.
>
> However, if you find by a preponderance of the evidence that [petitioner] committed a prior crime or crimes involving domestic violence, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged offense . . . If you determine an inference can properly be drawn from this evidence, this inference is simply one item for you to consider, along with all other evidence, in determining whether [petitioner] has been

> proved guilty beyond a reasonable doubt of these charges.
>
> Unless you are otherwise instructed, you must not consider this evidence for any other purpose [than for these specific charges].

Ans., Ex. 2H at 998–99.

To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. See Estelle v. McGuire, 502 U.S. at 72. The instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Id. In other words, a federal habeas court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. United States v. Frady, 456 U.S. 152, 169 (1982) (citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977)). It is important to note that the Due Process Clause of the Fourteenth Amendment protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he or she is charged. In re Winship, 397 U.S. 358, 364 (1970).

Petitioner's claim is without merit because CALJIC No. 2.50.02 clearly distinguishes between the burden of proof for finding that petitioner committed a prior act of domestic violence and the burden of proof for finding that petitioner committed the charged offense. Specifically, the instruction provides that a jury may not find petitioner guilty of the charged offense simply because it finds that he committed a prior act of domestic violence. Rather, if, based on a preponderance of the evidence, the jury finds that petitioner committed such a prior act, it may use that fact as part of its overall determination whether, based on proof beyond a reasonable doubt, petitioner committed the charged offense. Because the instruction requires the jury to find petitioner guilty of the charged offense beyond a reasonable doubt, petitioner's claim is denied.

Order Denying Petition for Writ of Habeas Corpus
G:\Pro–Se\SJ.RMW\HC.06\Reddy883.hcruling.md         5

### 3. Confrontation of Witness

Petitioner claims that the trial court violated his right to confront the witnesses against him when it granted the People's motion to not require Brooke, the complaining witness, to watch the videotape of the 2002 incident as it was played for the jury.[2] Pet. at 6. Petitioner contends that because Brooke would not be required to watch the tape if it were presented at trial, he would not be allowed to ask the witness about the evidence during its presentation, and therefore that he was denied his right to cross-examine the witness effectively. Id. The trial court granted the People's motion under its authority under California Evidence Code section 765, which allows the trial court to "exercise reasonable control over the mode of interrogation of a witness so as to . . . to protect the witness from undue harassment or embarrassment." In any event, petitioner decided not to present the tape at trial. The state appellate court found that the trial court acted within its authority under section 765, and also found that petitioner suffered no prejudice as a consequence of the ruling. Ans., Ex. 5 at 9–10.

The Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact. See Coy v. Iowa, 487 U.S. 1012, 1016 (1988) This right may be restricted in certain situations, however. See Maryland v. Craig, 497 U.S. 836, 855 (1990) (state interest in protecting child witnesses from trauma of testifying in child abuse case sufficiently important to justify use of special procedure permitting child witness to testify at trial without face-to-face confrontation after state makes adequate showing of necessity); United States v. Miguel, 111 F.3d 666, 671 (9th Cir. 1997) (permitting deposition of child victim of sexual abuse via closed circuit television which defendant watched from a separate room); see also United States v. Garcia, 7 F.3d 885, 890 (9th Cir. 1993) (general background testimony by expert witness and testimony by mental

---

2. Respondent contends that this claim is procedurally defaulted. Ans., P. & A. at 18. Because the court concludes that the claim is without merit, it need not decide whether petitioner's claim is procedurally defaulted.

Order Denying Petition for Writ of Habeas Corpus
G:\Pro–Se\SJ.RMW\HC.06\Reddy883.hcruling.md        6

health specialist sufficient to meet necessity test).  Also, while the Confrontation Clause guarantees an opportunity for effective cross-examination, it does not guarantee an opportunity for a cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.  See Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam).  Nor does the Confrontation Clause prevent a trial judge from imposing reasonable limits on cross-examination based on concerns of harassment, prejudice, confusion of issues, witness safety or interrogation that is repetitive or only marginally relevant. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).

Petitioner's claim is without merit because he had the opportunity to confront Brooke in court, even if it was not the exact opportunity petitioner wanted.  Brooke testified at trial while petitioner was present, and was subject to cross-examination by petitioner's counsel.  The trial judge's decision to allow Brooke to be absent if the tape were presented in court is consonant with the constitutional authorities presented above.  As Fensterer holds, petitioner has a right to an effective cross-examination — which, as just described, he had —  not to a cross-examination that is effective in whatever way petitioner may have wished.  Furthermore, because petitioner did not present the tape at trial, this court cannot tell whether Brooke's absence would have had any prejudicial effect on petitioner's defense.  Based on these reasons, petitioner's claim is denied.

**4.     Consecutive Terms**

Petitioner contends that the trial court violated his Sixth Amendment rights as set forth in Blakely v. Washington, 542 U.S. 296 (2004), when it imposed consecutive, rather than concurrent, sentences for six of the convictions.  Pet. at 6.  Petitioner does not contend that the sentence imposed on each separate charge was in excess of that particular charge's statutory maximum, but rather he contends that the imposition of consecutive sentences unconstitutionally increases the statutory maximum of his sentence.  The state appellate court affirmed the sentencing decision, finding that the trial court based its decision on facts found by the jury, rather than on any additional factual findings found by the court.

The state appellate court summarized the trial court's sentencing decision as follows:

> The trial court in this case imposed fully consecutive sentences on six counts pursuant to [Cal. Pen. Code] section 667.6, subdivision (d) and California Rules of Court, rule 4.426(a)(2). Section 667.6, subdivision (d) provides for the mandatory imposition of "full, separate, and consecutive" sentences for multiple violent sexual offenses, including rape (§ 261), oral copulation by force, violence, duress, menace or fear (§ 288a), and forcible digital penetration (§ 289, subd. (a)), "if the crimes involve . . . the same victim on separate occasions." Rule 4.426 of the California Rules of Court provides that "full, separate, and consecutive term[s] shall be imposed for each violent sex offense committed on a separate occasion" against the same victim. In deciding whether offenses occurred on separate occasions, "the sentencing judge shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior." (Ibid.) Section 667.6, subdivision (d) provides for the same considerations.
>
> The trial court made specific findings that [petitioner] had a reasonable opportunity to reflect between the commission of each of the offenses for which it imposed a fully consecutive sentence. It made the additional finding that "if for some reason the court was incorrect in finding these crimes, given the opportunity to reflect under 667.6(d), the court would have chosen for those counts, to give him full and consecutive sentence anyway, under 667.6(c)." That section provides that "a full, separate, and consecutive term may be imposed for each violation of [certain offenses, including those at issue in this case] whether or not the crimes were committed during a single transaction." Subdivision (c) of section 667.6 provides the trial court with wide discretion to impose consecutive sentences without making additional factual findings.

Ans., Ex. 5 at 13.

Blakely, on which petitioner bases his claim, is the progeny of an earlier Supreme Court case, Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 488–90. The "statutory maximum" is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum he could impose without any additional findings. Blakely, 542 U.S. at 303–04.

Petitioner's claim is without merit because Blakely and Apprendi are inapplicable to

petitioner's consecutive sentences.[3] Apprendi and Blakely impose constitutional limits on increasing the statutory maximum sentence of a single conviction. These cases have nothing to say about the imposition of consecutive sentences for convictions on separate charges.

Furthermore, even if Blakely and Apprendi were applicable, the trial judge's decision was based on facts already found by the jury, and not on any additional findings. Specifically, section 667(c) allows a California trial court to impose consecutive sentences for the same crimes of which petitioner was convicted. Because the jury's verdict made these convictions facts the trial court could consider, the trial court did not make any additional findings. Petitioner's claim is denied.

## CONCLUSION

Applying the highly deferential standard imposed by AEDPA, this court concludes that the state court's determinations were not contrary to, or unreasonable applications of, clearly established Supreme Court precedent, nor was were the determinations based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2). The petition for writ of habeas corpus is DENIED. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: 12/5/08

_____
RONALD M. WHYTE
United States District Judge

---

3. For similar reasons, Cunningham v. California, 549 U.S. 270 (2007), another of Apprendi's progeny, does not apply to petitioner's claim. In Cunningham, the Supreme Court found that California's sentencing scheme violated the Sixth Amendment because California's Determinate Sentencing Law allowed the sentencing court to impose an elevated sentence based on aggravating facts that the trial court found by a preponderance of the evidence, rather than facts found by a jury beyond a reasonable doubt.